NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3531
_____

ROBERT SMITH,
                                    Appellant
v.

PHILADELPHIA HOUSING AUTHORITY;
CITY OF PHILADELPHIA;
CARL R. GREENE, PHA Executive Director;
UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA;
EDWARD CORYELL, Executive Secretary Treasurer
and Business Manager

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-00329)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2013

Before:  GREENAWAY, JR., SLOVITER, and BARRY, Circuit Judges

(Filed:  July 23, 2013)

_____

O P I N I O N

_____

SLOVITER, Circuit Judge.

Robert Smith appeals the District Court's dismissal of his claims pursuant to 42 U.S.C. §§ 1983 and 1986 against the Philadelphia Housing Authority ("PHA") and Carl Greene.[1] We will affirm.[2]

I.

Smith worked for PHA from March 2009 until January 2010. Smith alleges in the First Amended Complaint that while working at PHA's Hill Creek facility, he encountered what he believed to be friable asbestos and/or other harmful substances. He further alleges that his skin came into contact with the substances and he breathed in the substances. Smith made numerous oral and written complaints to PHA regarding these substances, but his complaints were never addressed. He began to suffer from severe respiratory problems. These problems necessitated continuing medical care and caused him to leave his job. Smith alleges that PHA and Greene were aware of the dangers posed by the working conditions at the Hill Creek facility, chose not to remove workers from that facility, and agreed to conceal the facts related to asbestos exposure. PHA and

---

[1] Greene was at all relevant times the Executive Director of the PHA. Smith does not appeal the dismissal of his claims against defendants United Brotherhood of Carpenters and Joiners of America Local 8 and Edward Coryell.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). We "are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Id.*

Greene filed motions to dismiss pursuant to Rule 12(b)(6), and the District Court dismissed the claims against them with prejudice.

## II.

In order to state a Section 1983 claim against PHA and Sections 1983 and 1986 claims against Greene, Smith must allege violations of the Constitution or federal law.[3] *See, e.g.*, *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Smith states that his constitutional rights under the substantive component of the Due Process Clause were violated when PHA and Greene deliberately and consciously concealed a known danger, the presence of friable asbestos, at Smith's workplace. The District Court dismissed Smith's claims, stating that under Supreme Court precedent there is no constitutional right to a safe work environment under the Due Process Clause. *See Smith v. Phila. Hous. Auth.*, No. 12-329, 2012 WL 3263592, at *5 (E.D. Pa. Aug. 10, 2012) (citing *Collins*, 503 U.S. at 128).

In *Collins*, the widow of a deceased city sanitation employee brought a Section 1983 claim against the City of Harker Heights, Texas. *See Collins*, 503 U.S. at 117. She alleged that the city had "customarily failed to train or warn its employees about known hazards in the workplace" and that this led to her husband's fatal injury in the course of his employment. *Id.* The Supreme Court read her claim as alleging two possible

---

[3] As the District Court recognized, although Count IV, alleging Sections 1983 and 1986 claims against Greene, does not allege a violation of 42 U.S.C. § 1985, "the parties acknowledge that Section 1986 is premised on an underlying violation of Section 1985, and that both sections require an underlying cognizable constitutional violation to proceed." *Smith v. Phila. Housing Auth.*, No. 12-329, 2012 WL 3263592, at *4 n.2 (E.D. Pa. Aug. 10, 2012).

theories: "that the Federal Constitution imposes a duty on the city to provide its employees with minimal levels of safety and security in the workplace, or that the city's 'deliberate indifference' to Collins' safety was arbitrary government action that must 'shock the conscience' of federal judges." *Id.* at 126. The Court rejected both of these theories, stating that there is no duty under the substantive component of the Due Process Clause to provide a safe work environment for government employees and that failure to warn about known risks does not rise to the conscience-shocking level. *See id.* at 126-28. Therefore, there were no constitutional violations upon which petitioner could base her Section 1983 claim.

Smith attempts to distinguish his case from *Collins*, stating that in his case he has alleged "a policy of *deliberate* and *conscious* concealment of *a known danger* by state officials." Appellant's Br. at 16 (emphasis in original). However, Smith's claims fall squarely under the holding of *Collins*. Both cases involve defendants who allegedly knew about a dangerous work condition but did not take action or precautions to protect the employees exposed to this condition. *Collins* controls the outcome of this case, and Smith's claims must be dismissed for failure to plead a cognizable constitutional or federal law violation as required by Sections 1983 and 1986.[4]

### III.

For the aforementioned reasons, we will affirm the District Court's dismissal of Smith's First Amended Complaint.

---

[4] Because we affirm the District Court's dismissal of the First Amended Complaint for failure to state a claim, we do not address Appellant's other arguments in favor of reversal.

4